UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___________
DATE FILED: 9/30/18

IN RE: SUPERCOM INC. SECURITIES LITIGATION

**ORDER**

15 Civ. 9650 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

This is a consolidated class action brought on behalf of purchasers of Defendant SuperCom Ltd.'s common stock between January 21, 2015 and November 27, 2015 (the "Class Period"). (Am. Cmplt. (Dkt. No. 46)) According to the Consolidated Class Action Amended Complaint (the "Amended Complaint"), SuperCom and certain of its senior officers and directors issued false and misleading statements in connection with SuperCom's "bold revenue and earnings projection" for 2015 (id. ¶ 3), which included alleged "misrepresentations about [SuperCom's] revenue streams and sales pipeline in order to prevent investors from learning the truth." (Id. ¶ 4) The Amended Complaint asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b–5. (Id. ¶¶ 1, 247-52)

Defendants have moved to dismiss the Amended Complaint, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). (Def. Mot. (Dkt. No. 59)) Defendants argue that Plaintiffs' Section 10(b) claim should be dismissed because the challenged statements are protected under the PSLRA's safe harbor for forward-looking statements that are accompanied by meaningful cautionary language. (Def. Br. (Dkt. No. 61) at 19-23) Defendants alternatively contend that the Section 10(b) claim fails because the Amended Complaint does not plead facts supporting a strong

inference of scienter. (Id. at 23-30) Finally, Defendants contend that Plaintiffs' Section 20(a) claim should be dismissed because the Amended Complaint does not allege a primary violation of the Securities Exchange Act. (Id. at 30)

As the Court will explain in detail in a forthcoming opinion, Plaintiffs' Section 10(b) claim fails because many of the challenged statements are protected under the PSLRA's safe harbor for forward-looking statements that are accompanied by meaningful cautionary language. The remaining statements challenged by Plaintiffs do not provide a basis for liability, because the Amended Complaint does not plead facts supporting a strong inference of scienter. Plaintiffs' Section 20(a) claim fails because the Amended Complaint does not allege a primary violation of the Securities Exchange Act.

Accordingly, Defendants' motion to dismiss is granted. The Clerk of the Court is directed to terminate the motion (Dkt. No. 59).

Dated: New York, New York
September 30, 2018

SO ORDERED.

Paul G. Gardephe
United States District Judge